UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT C. BENNEN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-5742** |
| **ALLSTATE INSURANCE CO. ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Robert C. Bennen's motion to remand is **GRANTED**, and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.  (Document # 8.)

### I. BACKGROUND

On June 10, 2004, Robert C. Bennen refinanced the mortgage on his residence with the Argent Mortgage Company (Argent).  At the closing, All Professional Title, Inc. deducted insurance premiums for flood insurance and homeowners insurance from the loan proceeds and forwarded checks for premiums in the amount of $60.00, $264.50, and $502.00 to Michael Miramon, an insurance agent for Allstate Insurance Company (Allstate).  Allstate is a "Write-Your-Own" carrier participating in the National Flood Insurance program.[1]  The policy provided

---

[1] Allstate is authorized by the Federal Emergency Management Agency to issue a Standard Flood Insurance Policy on behalf of the federal government.  See 44 C.F.R. § 61.13(d)

coverage of $101,000 for structure, $10,000 for other structures, and $70,700 for contents. Argent indicated to Bennen that insurance premiums would be paid from escrow for the duration of the two-year balloon note.

On August 29, 2005, Hurricane Katrina caused severe and substantial damage to the residence when it was flooded by eight feet of water. Bennen submitted a claim and learned that he had no flood insurance coverage for his residence or its contents. Bennen filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Allstate; Miramon; Miramon's errors an omissions carrier, ABC Insurance Company; AMC Mortgage Services, Inc.; Argent Mortgage Company; All Professional Title, Inc.; and the title company's insurer, DEF Insurance Company. Bennen alleges causes of action for breach of contract, breach of fiduciary duty of an insurance agent, breach of insurance contract, conversion of escrow funds, tort liability under La. Civ. Code 2315, misrepresentation, errors and omissions liability, and detrimental reliance based on the failure to secure coverage for flood damage to the residence and its contents and to inform him that there was no coverage.[2]

Allstate removed the case to federal court based on federal question jurisdiction because it is appearing in its fiduciary capacity as the fiscal agent of the United States under the National Flood Insurance Program. Bennen filed a motion to remand.

## II. DISCUSSION

---

and 44 C.F.R. Pt. 61. App. A(1), art. VII(D).

[2] Bennen also alleges that Allstate acted in bad faith in failing to pay his claim under the homeowners' policy for damage from wind and wind-driven rain and for additional living expenses.

**A. Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." To determine whether a cause of action presents a federal question, the court examines the plaintiffs' well-pleaded complaint. See Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003). The entire record is examined for a proper understanding of the true nature of the complaint. See Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir. 1992).

**B. National Flood Insurance Act**

Bennen contends that removal is improper because there is no federal question jurisdiction under the National Flood Insurance Act (NFIA).[3] He argues that the suit raises state law claims against Louisiana defendants for their failure to procure flood insurance, not policy administration issues that would be reviewed under the NFIA.

Jurisdiction exists over claims against "Write Your Own" carriers acting as administrators for the federal program under § 4072 of the NFIA. See Palmieri v. Allstate Ins. Co., 445 F.3d 179, 184, 187 (2nd Cir. 2006). The NFIA preempts state law claims for an adjustment of an insurance claim, which is considered "handling" of the claim. See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005). A number of courts have held that the NFIA does not act to preempt state law for claims related to flood insurance procurement. See Landry

---

[3] Allstate does not base its removal on diversity jurisdiction on the state law claims. See Opposition at 6.

v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531 (E.D. La. 2006).  "The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of those policies also involve the spending of federal funds.  Id.  "[F]ederal funds are not used to reimburse [Write Your Own] insurers for liability arising outside of the scope of the Act.  Id.  Because claims involving procurement do not involve the expenditure of federal funds, "there is no equivalent justification for federal jurisdiction."  Id.

Bennen's claims challenge the failure of the insurance agent, the title company, and the mortgage company to procure and maintain coverage as previously represented.  His claims do not challenge the handling, administration, or payment of his flood claim or compliance with the Act or the regulations.  The state law claims for breach of contract and tort are not preempted, and the court lacks subject matter jurisdiction under the NFIA.

Accordingly, Bennen's motion to remand is granted, and the case is remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __6th__ day of November, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**